**MANATT, PHELPS & PHILLIPS, LLP**
Schuyler G. Carroll
Russell E. Potter (*pro hac vice* forthcoming)
Thomas A. Whittington (*pro hac vice* forthcoming)
7 Times Square
New York, NY 10036
Tel: (212) 790-4500
Email: scarroll@manatt.com
  rpotter@manatt.com
  twhittington@manatt.com

*Attorneys for Cold Spring Acquisition, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PEOPLE OF THE STATE OF NEW YORK, by
LETITIA JAMES, ATTORNEY GENERAL OF
THE STATE OF NEW YORK,

        Petitioner,
-against-

COLD SPRING ACQUISION, LLC D/B/A COLD
SPRING HILLS CENTER FOR NURSING &
REHABILITATION, et al,

        Respondents.
-----------------------------------------------------------X

Case No.: _____

Case No. 6177099/2022
*(pending in New York State Supreme Court, Nassau County)*

## NOTICE OF REMOVAL

1. Pursuant to 28 U.S.C. §§ 1334, 1446, and 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules'), Defendant Cold Spring Acquisition, LLC (the "Debtor") hereby removes the above captioned case, Index No. 6177099/2022 and all claims and causes of action from the Supreme Court of the State of New York, Nassau County (the "State Action"), to the United States District Court for the Southern District of New York. This Court has jurisdiction over this action under 28 U.S.C. §§ 1334 and 1452 due to the Chapter 11

bankruptcy commenced by the Debtor, captioned *In re Cold Spring Acquisition*, No. 25-22002 (SHL) (the "Chapter 11 Case") that is currently pending in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").

2. The claims asserted by Plaintiffs in the State Action "relate to" the pending Chapter 11 Case. *See* 28 U.S.C. § 1334(b). Because federal bankruptcy jurisdiction exists over the State Action, removal pursuant to 28 U.S.C. § 1452 is appropriate.

## BACKGROUND

3. In the above-captioned action the Attorney General of the State of New York (the "AG") asserted, among other things, various allegations of fraud against the Debtor and the other respondents.

4. On January 2, 2025 (the "Petition Date"), the Debtor commenced the Chapter 11 Case in the New York Bankruptcy Court. The Debtor remains a debtor in possession and no trustee or examiner has been appointed.

## GROUNDS FOR REMOVAL

5. Under 28 U.S.C. § 1452(a) "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]."

6. Under 28 U.S.C. § 1334(b), a district court has original jurisdiction "of all civil proceedings . . . related to cases under title 11." A civil proceeding "relates to" a bankruptcy case if the outcome of the civil proceeding could "conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 995 (3d Cir. 1984); *In re 47-49 Charles St.*, No. 98 CIV. 4669(HB), 1999 WL 138929, at *2 (S.D.N.Y. Mar. 15, 1999) (accord).

7. There can be no debate that the State Action "relates to" the Chapter 11 Case. Among other things, the AG seeks monetary relief against the Debtor. Any resolution of the claims

2

against the Debtor would necessarily have an effect on the Chapter 11 Cases. This in and of itself satisfies the *Pacor* related-to test because the resolution of the claims asserted in the State Action will certainly have an actual effect on the bankruptcy estate, which effect rises well above a "conceivable" effect on the Chapter 11 Case.

## TIMELINESS OF REMOVAL

8. Bankruptcy Rule 9027(a)(2) provides that "[i]f the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within . . . 90 days after the order for relief in the case under the Code . . ." Under 11 U.S.C. § 301(b), "[t]he commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter."

9. Here, this Notice of Removal is timely filed because the Petition Date was January 2, 2024 and this Notice of Removal is being filed the same day—well within the 90 day window under Bankruptcy Rule 9027.

10. The law is clear that Bankruptcy Rule 9027's 90 day window displaces 28 U.S.C. § 1446(b)(1)'s 30 day window for removing an action to federal court. *See Shared Network Users Group, Inc. v. WorldCom Techs., Inc.*, 309 B.R. 446 (E.D. Pa. 2004) (rejecting argument that removal was untimely because filed more than 30 days after commencement of case).

## VENUE

11. Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . *to the district court for the district where such civil action is pending*, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." (emphasis added); s*ee also* Federal Rule 9027(a)(1) ("A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending.").

3

12. Here, venue for this action lies in this Court because it is the federal judicial district and division embracing the New York State Court where the State Action is pending.

## REFERRAL TO BANKRUPTCY COURT

13. Pursuant to the Amended Standing Order of Reference, dated January 31, 2012 (Preska, C. J.) "all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district. Accordingly, this Court should refer this case to United States Bankruptcy Judge Sean Lane.

## ATTACHMENTS AND STATE COURT NOTICE

14. Under 28 U.S.C. § 1446(a) and Bankruptcy Rule 9027, the consolidated docket sheet for the State Action is attached as **Exhibit A** and the docket sheet in the Chapter 11 Case is attached as **Exhibit B**.

15. As required by 28 U.S.C. § 1446(d), the Debtor will promptly give Plaintiffs written notice of the filing of this Notice of Removal, and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, Nassau County.

16. Nothing in this Notice shall be interpreted as a waiver or relinquishment of the Debtor's right to assert any defense or affirmative matter.

## CONCLUSION

All of the requirements for removal have been satisfied, and Notice is hereby given that the State Court Action is removed from the State Court to this Court.

Dated: January 2, 2025
       New York, New York

**MANATT, PHELPS & PHILLIPS, LLP**

*/s/ Schuyler G. Carroll*
Schuyler G. Carroll
Russell E. Potter (*pro hac vice* forthcoming)
Thomas A. Whittington (*pro hac vice* forthcoming)
7 Times Square
New York, NY 10036
Tel: (212) 790-4500
scarroll@manatt.com
rpotter@manatt.com
twhittington@manatt.com

*Attorneys for Cold Spring Acquisition, LLC*



STATE OF NEW YORK

OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF CRIMINAL JUSTICE
MEDICAID FRAUD CONTROL UNIT
CIVIL ENFORCEMENT DIVISION

January 2, 2025

**VIA NYSCEF AND EMAIL**
Hon. Lisa A. Cairo, J.S.C.
Supreme Court of the State of New York
100 Supreme Court Drive
Mineola, New York 11501
JudgeCairoRemote@nycourts.gov

        Re:    *People of the State of New York v. Cold Spring Acquisition, et al.*,
                Ind. No. 617709/2022

Dear Justice Cairo:

      We write on behalf of Petitioner in response to the Notice of Bankruptcy filed today by counsel for Cold Spring Acquisition, LLC ("Cold Spring Hills") purporting to give notice of an Automatic Stay and asserting that such a stay applies to the Attorney General's action. It does not. Indeed, under 11 U.S.C. § 362(b)(4), the subsection immediately following the citations in Cold Spring Hills' filing, the federal statute directly references the same Cold Spring Hills citations and makes clear that *the filing of a bankruptcy proceeding does not automatically stay a governmental enforcement action.* To wit:

> [U]nder paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit or any organization exercising authority under the Convention on the Prohibition of the Development, Production, Stockpiling and Use of Chemical Weapons and on Their Destruction, opened for signature on January 13, 1993, to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power;

28 LIBERTY ST., 13TH FLOOR, NEW YORK, NY 10005 ● PHONE (212) 417-5200 ● WWW.AG.NY.GOV

11 U.S.C. § 362(b)(4)

Commonly referred to as the police or regulatory power exception to an automatic stay, courts apply this oft-cited provision which "allows the enforcement of laws affecting health, welfare, morals, and safety despite the pendency of the bankruptcy proceeding." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1107 (9th Cir. 2005); *see also*, *S.E.C. v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000) ("Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay") (internal quotation marks and citation omitted); *People v. New Woman, Inc.*, 197 A.D.2d 525, 526 (2d Dep't 1993) (finding that the automatic bankruptcy stay provisions of 11 U.S.C. § 362 "expressly exempts from its coverage proceedings by governmental units to enforce their police or regulatory powers"); *In re Synergy Development Corp.*, 140 B.R. 958, 961 (Bankr. S.D.N.Y. 1992) (finding that the New York Attorney General's action is not impacted as "[t]he automatic stay does not apply to the State's action brought to enforce section 622-a of the New York General Business Law").

To determine whether the police or regulatory power exception applies, courts apply the "pecuniary purpose" test or the "public policy" test. *See Universal Life Church, Inc. v. United States*, 128 F.3d 1294, 1297 (9th Cir. 1997).[1] However, under either test, this enforcement action is not automatically stayed by the filing of any bankruptcy proceedings.

Under the "pecuniary purpose" test, "the court determines whether the action relates primarily to the protection of the government's pecuniary interest in the debtors' property or to matters of public safety and health." *N.L.R.B. v. Continental Hagen Corp.*, 932 F.2d 828, 828 (9th Cir. 1991) (cleaned up). "If the suit seeks to protect the government's pecuniary interest, the § 362(b)(4) exception does not apply. On the other hand, if the suit seeks to protect public safety and welfare, the exception does apply." *Lockyer*, 398 F.3d at 1109. "Under the 'public purpose' test, the court determines whether the government seeks to 'effectuate public policy' or to adjudicate 'private rights.'" *Lockyer*, 398 F.3d at 1109 (citing *Continental Hagen*, 932 F.3d at 833). The 11 U.S.C. § 362(b)(4) exception will only apply under this test if the government seeks to effectuate public policy. *Lockyer*, 398 F.3d at 1109.

Here, the emergency injunctive relief sought in the Special Proceeding commenced by Petitioner pursuant to Executive Law § 63(12) satisfies both the "pecuniary purpose" test and the "public purpose" test as it seeks injunctive relief to ensure the health and welfare of hundreds of residents at Cold Spring Hills and to defend the regulations and laws designed to protect the public from illegal closure of a nursing home facility.

---

[1] "The Second Circuit has yet to pass on the validity of any particular test." *F.T.C. v. Consumer Health Benefits Ass'n.*, No. 10-CV-3551 (ILG), 2011 WL 2341097 at *2-3 (June 8, 2011 E.D.N.Y.); *see In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 133 (2d Cir. 2007) ("Although we do not find it necessary to pass on the validity of these tests at this time, we find them satisfied in this case").

28 LIBERTY ST., 13TH FLOOR, NEW YORK, NY 10005 ● PHONE (212) 417-5200 ● WWW.AG.NY.GOV

Based on the foregoing, this Court should not stay this governmental enforcement action and the parties should appear as scheduled at the hearing for injunctive relief set for Monday, January 6, to prevent the illegal evacuation or transfer of hundreds of vulnerable residents of Cold Spring Hills.

Respectfully submitted,
*Letitia James*
Attorney General of the State of New York

By:

*Christina Pinnola*
Christina Pinnola
Special Assistant Attorney General
New York State Attorney General's Office
Medicaid Fraud Control Unit
300 Motor Parkway, Suite 210
Hauppauge, New York
(631) 263-0449
christina.pinnola@ag.ny.gov

# U.S. Bankruptcy Court
## Southern District of New York (White Plains)
### Bankruptcy Petition #: 25-22002-shl

*Date filed:* 01/02/2025

*Assigned to:* Judge Sean H. Lane
Chapter 11
Voluntary
Asset

| | |
|---|---|
| **Debtor**<br>**Cold Spring Acquisition, LLC**<br>22 Pleasant Ridge Road<br>Spring Valley, NY 10977<br>ROCKLAND-NY<br>*dba* Cold Spring Hills Center for Nursing & Rehabilitation | represented by **Schuyler Carroll**<br>Manatt, Phelps & Phillips<br>7 Times Square<br>New York, NY 10036<br>212-790-4521<br>Email: SCarroll@manatt.com |

*U.S. Trustee*
**United States Trustee**
Office of the United States Trustee - NY
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408
(212) 510-0500

| Filing Date | # | Docket Text |
|---|---|---|
| 01/02/2025 | 1<br>(14 pgs) | Chapter 11 Voluntary Petition for Non-Individual. Order for Relief Entered. Chapter 11 Plan due by 5/2/2025, Disclosure Statement due by 5/2/2025, Initial Case Conference due by 2/3/2025,Appointment of patient care ombudsman due by 02/3/2025 Filed by Schuyler Carroll of Manatt, Phelps & Phillips on behalf of Cold Spring Acquisition, LLC. (Carroll, Schuyler) (Entered: 01/02/2025) |
| 01/02/2025 | | Receipt of Voluntary Petition (Chapter 11)( 25-22002) [misc,824] (1738.00) Filing Fee. Receipt number A16918504. Fee amount 1738.00. (Re: Doc # 1) (U.S. Treasury) (Entered: 01/02/2025) |
| 01/02/2025 | | Judge Sean H. Lane added to the case. (Harris, Kendra). (Entered: 01/02/2025) |
| 01/02/2025 | 2<br>(9 pgs) | Declaration *of Martin A. Cauz in support of Debtor's Chapter 11 Petition and First Day Pleadings* (Carroll, Schuyler) (Entered: 01/02/2025) |
| 01/02/2025 | 3<br>(2 pgs) | Notice of Proposed Order*Directing the Appointment of a Patient Care Ombudsman* (Carroll, Schuyler) (Entered: 01/02/2025) |

| | | |
|---|---|---|
| 01/02/2025 | [4](#)<br>(3 pgs) | Notice of Hearing *to Consider First Day Motions* filed by Schuyler Carroll on behalf of Cold Spring Acquisition, LLC. with hearing to be held on 1/3/2025 at 01:30 PM at Courtroom TBA, White Plains Courthouse (RDD) (Carroll, Schuyler) (Entered: 01/02/2025) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/02/2025 17:22:48 | | | |
| **PACER Login:** | sgcarroll | **Client Code:** | 71431-060 |
| **Description:** | Docket Report | **Search Criteria:** | 25-22002-shl Fil or Ent: filed From: 12/19/2024 To: 1/2/2025 Doc From: 0 Doc To: 99999999 Format: html Page counts for documents: included |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |