*Letitia James*
Attorney General of the State of New York
Christina Pinnola, Esq. (Pro Hac Vice)
Special Assistant Attorney General
Medicaid Fraud Control Unit
300 Motor Parkway
Hauppauge, New York 11788

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
                                                            :
In re:                                                      :     Chapter 11
                                                            :
    COLD SPRING ACQUISITION, LLC    :     Case No. 25-22002 (SHL)
                                                            :
    Debtor.                                     :
                                                            :
------------------------------------------------------------X

**LIMITED OBJECTION OF THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL IN RESPONSE TO DEBTOR'S APPLICATION FOR ORDER AUTHORIZING THE RETENTION OF CAPITAL HEALTH CONSULTING, LLC AS INDEPENDENT HEALTHCARE MONITOR.**

    The New York State Office of the Attorney General ("OAG") hereby submits this limited objection in response to Debtor's Application for an Order Authorizing the Retention of Capital Health Consulting, LLC ("CHC") as Independent Healthcare Monitor ("IHM"). In support of this Limited Objection, the OAG respectfully states as follows:

    1. The New York State Supreme Court, Nassau County exercises exclusive jurisdiction over the IHM at Cold Spring Hills. For the reasons stated below, CHC is no longer independent and must be replaced by New York State Supreme Court, Nassau County, a court of competent jurisdiction that currently exercises exclusive jurisdiction over the IHM. However, with respect to payment to CHC, for the present time, the OAG objects to the further distribution of any payment from the Debtor to

1

CHC, directly or indirectly, to (a) anyone with an ownership interest in CHC other than Lisa Wickens-Alteri for work she directly performed, or (b) any individual or entity with an insider relationship to the Debtor.

2. On December 16, 2022, pursuant to New York State Executive Law § 63(12), the New York State Office of the Attorney General as Petitioner, commenced a Special Proceeding by way of a Verified Petition ("Petition") against Cold Spring Hills and twenty-seven other Respondents including Cold Spring Acquisition, LLC ("Cold Spring Hills"), Index No. 611709/2022, based on the OAG's findings of Respondents' repeated and persistent fraud and illegality with respect to the operation of Cold Spring Hills (the "Executive Law § 63(12) Special Proceeding").

3. On March 15, 2024, Justice Lisa A. Cairo of the New York State Supreme Court, Nassau County ruled on the Petition and all supporting papers filed in the Special Proceeding and issued a decision that: (1) held Cold Spring Hills and its Managing Members, Avi Philipson and Joel Leifer, liable under Executive Law § 63(12) for repeated illegality stemming from their failure to meet the standard of care for nursing home residents required by the New York Public Health Law and governing regulations; (2) found that Cold Spring Hills and its Managing Members, Avi Philipson and Joel Leifer, failed to operate the nursing home with sufficient staff adequate to meet the residents' needs; and (3) granted injunctive relief in the form an IHM to remedy such failures ("March 15, 2024 Decision and Order").

4. Subsequently, on April 12, 2024, the New York State Supreme Court, Nassau County appointed CHC as the IHM with broad powers to ensure Cold Spring Hills' compliance with the law and regularly report to the court. The IHM began monitoring Cold Spring Hills in April 2024 and remains active and onsite at present.

5. On December 31, 2024, an attorney employed by the law firm Abrams Fensterman, LLP that represents B&L Consulting, LLC, Benjamin Landa, and Esther Farkowits in the Executive Law

§ 63(12) Special Proceeding, informed the New York State Supreme Court, Nassau County and the OAG for the first time that, effective January 1, 2025, Abrams Fensterman, LLP would own 50% of CHC. Throughout the Special Proceeding, Abrams Fensterman, LLC has represented Benjamin Landa, B&L Consulting, LLC and Esther Farkovits, who is a 25% owner of Cold Spring Hills and the daughter of Benjamin Landa.

6. On January 2, 2025, Cold Spring Hills filed for bankruptcy and soon thereafter improperly removed the Executive Law § 63(12) Special Proceeding to the United States District Court for the Southern District of New York, which was subsequently referred to the United States Bankruptcy Court for Southern District.

7. On January 27, 2025, the OAG filed a Motion to Remand the Executive Law § 63(12) Special Proceeding to the New York State Supreme Court, Nassau County, Case No. 25-7001, pursuant to the police and regulatory powers exception to removal under 28 U.S.C.A. § 1452 ("Remand Motion"). [Docket Nos. 8-11 (Notice of Motion to Set Hearing on New York State Attorney General's Motion for Remand of the New York State Special Proceeding to the New York State Supreme Court, Lifting the Automatic Stay as it Pertains to the New York State Special Proceeding and Appeals, and Related Relief)].

    A. *The IHM Remains Under the Exclusive Jurisdiction of the New York State Supreme Court, Nassau County.*

8. Despite the Debtor's improper removal of the Executive Law § 63(12) Special Proceeding, New York State Supreme Court, Nassau County continues to exercise exclusive jurisdiction over the IHM.

9. In the March 15, 2024 Decision and Order, Justice Cairo found Cold Spring Hills and its managing members, Avi Philipson and Joel Leifer, liable for repeated and persistent illegality with respect to the operations of Cold Spring Hills and granted injunctive relief in the form of an IHM to

3

ensure that Cold Spring Hills operated with sufficient staffing and provided required care to its residents.

10. In April 2024, Justice Cairo appointed CHC, with Lisa Wickens-Alteri as principal, as the IHM at Cold Spring Hills. Ms. Wickens-Alteri, along with her staff, has spent considerable time onsite at Cold Spring Hills, overseeing operations and making recommendations to ensure Cold Spring Hills' compliance with applicable laws, rules, and regulations.

11. Ms. Wickens-Alteri has kept the New York State Supreme Court, Nassau County apprised of her findings, having submitted six monthly reports and appeared at one court conference.

12. Justice Cairo appointed CHC as a form of injunctive relief to remedy the failures of Cold Spring Hills and its Managing Members with respect to insufficient staffing and resident care, is uniquely familiar with the circumstances and issues present at Cold Spring Hills, is regularly apprised of new developments at Cold Spring Hills, and is focused on ensuring Cold Spring Hills operates with sufficient staff necessary to properly care for the residents. Accordingly, notwithstanding Debtor's improper removal of the Special Proceeding that is the subject of the pending Remand Motion, New York State Supreme Court, Nassau County should continue to exercise exclusive jurisdiction over the IHM.

    B. *CHC is No Longer Independent and Must be Removed and Replaced by the New York State Supreme Court, Nassau County.*

13. On December 31, 2025, Abrams Fensterman, LLP, a law firm representing three respondents in the Special Proceeding, asserted that it is now a 50% owner of CHC.

14. Throughout the Special Proceeding, Abrams Fensterman, LLP has represented Benjamin Landa, B&L Consulting, LLC and Esther Farkovits, who is a 25% owner of Cold Spring Hills and the daughter of Benjamin Landa. Benjamin Landa is a 25% owner of Cold Spring Realty Acquisition,

4

LLC, the related party landlord of Cold Spring Hills. B&L Consulting, LLC is an LLC owned by Benjamin Landa.

15. Respondents Benjamin Landa, B&L Consulting, LLC and Esther Farkovits have filed Notices of Appeal with respect to four of the New York State Supreme Court, Nassau County orders in the Executive Law § 63(12) Special Proceeding, including the March 15, 2024 Decision and Order on the Petition.

16. The newly revealed business relationship between CHC and Abrams Fensterman, LLP entirely compromised the independent nature of CHC as the IHM at Cold Spring Hills. Accordingly, CHC is no longer independent and must be replaced.

17. However, replacement of CHC with another individual or entity is within the sole purview and jurisdiction of the New York State Supreme Court, Nassau County. Notwithstanding the clear language of the police and regulatory powers exception contained within 28 U.S.C. § 1452(a), Debtor improperly removed the Executive Law § 63(12) Special Proceeding. In light of the fact that the removal was improper, at present, the United States Bankruptcy Court for Southern District does not have jurisdiction over the monitorship and therefore cannot remove and replace CHC.

18. The Remand Motion should be decided in favor of the OAG based on the fact that the Special Proceeding falls squarely within the police and regulatory powers exception to removal under 28 U.S.C. § 1452(a). (*See id*.) The Executive Law § 63(12) Special Proceeding should be promptly remanded to the New York State Supreme Court, Nassau County. Once remanded, the Court will then have the ability to replace CHC as the IHM at Cold Spring Hills to ensure the monitorship remains independent. Consequently, CHC will remain the IHM at Cold Spring Hills only for the time period in which the Remand Motion is pending before the United States Bankruptcy Court for

Southern District, or until a court modifies the New York State Supreme Court, Nassau County order appointing CHC as IHM.

 C. *No Payment Received by CHC from Debtor Shall Be Used to Compensate Any Individual at CHC With An Ownership Interest.*

19. As discussed above, CHC is no longer independent, and therefore cannot fulfill the duties of an Independent Healthcare Monitor. However, the decision to replace the IHM must be by a court of competent jurisdiction; here, the New York State Supreme Court, Nassau County is the court of exclusive jurisdiction over the proceeding.

20. For the present time, however, the OAG objects insofar that no payment from the Debtor to CHC shall be further distributed, directly or indirectly, to: (a) anyone with an ownership interest in CHC other than Lisa Wickens-Alteri for work she directly performed, or (b) any individual or entity with an insider relationship to the Debtor. The Debtor shall be authorized to pay CHC only for actual services provided. The OAG does not object to payment of wages to employees of CHC with no ownership or insider relationship to Debtor, and who provided actual services to Cold Spring Hills.

21. Ms. Wickens Alteri and Abrams Fensterman, LLC chose to enter into a business relationship that compromised the independent nature of the monitorship. As a result, the services and recommendations provided by CHC to Cold Spring Hills are no longer independent. With the exception of Lisa Wickens-Alteri receiving payment for work directly performed at Cold Spring Hills, the aforementioned parameters for payment to CHC will ensure that Ms. Wickens Alteri and Abrams Fensterman, LLC, as owners of CHC, do not improperly obtain funds directly or indirectly from Debtor.

## **CONCLUSION**

For the foregoing reasons, the New York State Supreme Court, Nassau County exercises exclusive jurisdiction over the IHM at Cold Spring Hills. While CHC is no longer independent

6

and must be replaced, only the New York State Supreme Court, Nassau County has authority to do so. Notwithstanding the foregoing, the OAG does not object to payment of wages to employees of CHC with no ownership or insider relationship to Debtor, and who provided actual services to Cold Spring Hills. The OAG objects to the further distribution of any payment from the Debtor to CHC, directly or indirectly, to: (a) anyone with an ownership interest in CHC other than Lisa Wickens-Alteri for work she directly performed, or (b) any individual or entity with an insider relationship to the Debtor.

Dated: February 12, 2025
      New York, New York

                NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL

                */s/ Christina Pinnola*
                Christina Pinnola
                Paul J. Mahoney
                Alee N. Scott
                Matthew C. DeSaro
                NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL
                28 Liberty Street
                New York, New York 10005
                Tel: (212) 417-5300.
                Facsimile: (212) 417-5335
                Email: christina.pinnola@ag.ny.gov
                Email: paul.mahoney@ag.ny.gov
                Email: alee.scott@ag.ny.gov
                Email: matthew.desaro@ag.ny.gov