# manatt

Schuyler Carroll
Manatt, Phelps & Phillips, LLP
Direct Dial:  (212) 790-4521
Scarroll@manatt.com

March 4, 2025

**VIA ECF**

Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

      Re:    **Cold Spring Acquisition, LLC (the "Debtor")**
                  **Chapter 11 Case No. 25-22002 (SHL)**

Dear Judge Lane:

      We respectfully submit this letter on behalf of the Debtor to update the Court on recent developments concerning the Debtor that stands to change the direction of this proceeding.

      More specifically, this morning, we were advised that 378Sywood LLC (the "Buyer") and 1199SEIU United Healthcare Workers East (the "Union") have reached an agreement on a modified collective bargaining agreement that will allow for the sale of the Debtor's nursing facility (the "Facility") to the Buyer and will allow the Buyer to take over as receiver immediately upon your Honor's approval - thereby avoiding the need to close the Debtor's Facility.

      As Your Honor is aware, the Debtor previously agreed to sell the Facility to the Buyer, and the Debtor filed the *Motion for an Order (I) Approving Asset Purchase Agreement and Authorizing the Private Sale of Substantially All of the Assets of the Debtor Outside the Ordinary Course of Business, (II) Authorizing Sale of Assets Free and Clear of All Liens and Interests, and (III) Granting Related Relief* [Docket No. 40] and the *Motion for Order Authorizing Debtor to Enter Into and Perform Agreement Providing for Appointment of Temporary Receiver* [Docket No. 39] (collectively, the "Sale and Receivership Motions").  The Debtor served and filed the Sale and Receivership Motions and notices thereof.  The objection deadline passed on January 24, 2025.  At that time, the planned sale to the Buyer was still moving forward.  The only objection filed was by the Union.  No other objections were filed, and any other party who wanted to object was required to have done so by January 24, 2025.

      The sale and receivership, however, were derailed after the objection deadline, when the Buyer indicated it would not take over as receiver until the Union agreed to a modified collective bargaining agreement.  Thereafter, the Buyer and the Union advised that no agreement was

# manatt

Honorable Sean H. Lane
March 4, 2025
Page 2

reached and no further discussions would take place.  As a result, the Debtor sought and obtained permission from this Court and the New York State Department of Health (the "DOH") to close the Facility.  In mid-February 2025, the Debtor began implementing the closure plan.  Since then, approximately 77 residents have been relocated and approximately 150 employees have been terminated.

In light of the agreement between the Buyer and the Union, however, the Debtor believes it must proceed with the sale and receivership, as doing so is in the best interests of the Debtor, the estate, creditors and residents.

The Buyer wants to obtain immediate approval so that it can immediately start the receivership - and start funding expenses immediately.  We have been advised that the Buyer will take over as receiver and begin funding expenses as soon as the Court and the DOH approve the Sale and Receivership Motions.  This is particularly important because the Debtor has just barely managed to fund payroll and other ongoing expenses – having been required to manage cash flow day by day.  Immediate approval of the sale and receivership would allow the Debtor to avoid administrative insolvency, as the Debtor will retain all accounts receivable.

No party will be prejudiced by approval, particularly since the objection deadline passed without any objections other than the Union's.  Moreover, the proposed sale does not contain releases in favor of the Debtor or insiders or principals of the Debtor, let alone anyone else who is named as a respondent in the New York State Attorney General's action.

Since learning of this agreement this morning, the Debtor has reached out to all parties who have appeared in this case and, at this point, none has expressed any objection.

Accordingly, we ask the Court to use tomorrow's hearing as a status conference on the Sale and Receivership Motions and to schedule a hearing to consider approval in the next few days.

We appreciate the Court's attention to this matter and look forward to discussing the above issues with the Court tomorrow.

Respectfully submitted,

Schuyler Carroll

cc: Counsel for all parties (via ECF)