**MANATT, PHELPS & PHILLIPS, LLP**
Schuyler G. Carroll
Annie K. Nguyen (*pro hac vice* pending)
7 Times Square
New York, NY 10036
Tel: (212) 790-4500
Email: scarroll@manatt.com
          anguyen@manatt.com

*Counsel to the Debtor and*
*Debtor-in-Possession*

**Hearing Date:**
**August 14, 2025 at 10:00 A.M. (EST)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------

In re:

Cold Spring Acquisition, LLC,

        Debtor.

Chapter 11

Case No. 25-22002 (SHL)

--------------------------------------------------------

### OBJECTION TO MOTION FOR RELIEF FROM
### AUTOMATIC STAY FILED BY CAROLYN ANDREOLA

Cold Spring Acquisition, LLC  (the "Debtor") hereby files this objection (the "Objection") to the Motion for Relief from the Automatic Stay (the "Motion") filed by Carolyn Andreola ("Andreola") seeking to lift the automatic stay to permit Andreola to pursue an inquest on damages in the action commenced in New York State Supreme Court, Nassau County (the "State Court"), Index No. 602728/2024 (the "State Court Action").  In support of the Objection, the Debtor respectfully states the following:

### PRELIMINARY STATEMENT

1.      Andreola fails to establish cause or extraordinary circumstances to return to State Court for the sole purpose of verifying her claim.  Andreola filed a proof of claim asserting a general unsecured claim in the amount of $1,000,000.  Nothing else is necessary.  What benefit –

to any party – can be obtained by lifting the automatic stay?  What purpose would be served by lifting the automatic stay?  The answer to both questions is none.  On the other hand, lifting the automatic stay will require the Debtor to litigate in State Court and waste estate resources.  The Motion should be denied.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

3.     Andreola filed a personal injury lawsuit on February 14, 2024 in the State Court Action seeking damages against the Debtor.  On September 9, 2024, Andreola filed a motion for a default judgement.

4.     On January 2, 2025, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

5.     On February 7, 2025, Andreola filed a Proof of Claim, No. 16, asserting a claim in the amount of $1,000,000.00 (the "Original Claim").  A copy of the Original Claim is annexed hereto as Exhibit A.

6.     The Honorable Eileen C. Daly-Sapraicone entered a default judgment on March 6, 2025 (the "Default Judgment") and scheduled an inquest to determine damages for June 11, 2025.  That same day, Andreola filed a letter advising Justice Daly-Sapraicone of the Debtor's chapter 11 filing.  On March 11, 2025, Justice Daly-Sapraicone stayed the matter and adjourned until the bankruptcy proceeding is terminated.

7.     On May 8, 2025, Andreola filed a duplicate Proof of Claim, No. 66 (the "Claim").

The Claim also asserts a claim in the amount of $1,000,000.00.  A copy of the Claim is annexed hereto as Exhibit B.

8.      On July 24, 2025, Andreola filed the Motion.  The sole stated reason for the Motion is to permit Andreola to proceed with an inquest in State Court to adjudicate the amount sought in her Claim.

9.      In an effort to facilitate an efficient resolution of the Claim and the Motion, Debtor's counsel contacted Andreola's counsel and offered to agree to lift the stay to proceed against insurance, so that an inquest – and the cost and time of State Court litigation – could be avoided.  Debtor's counsel further suggested that there was no need to have an inquest, as no one has (or likely will) object to the amount of the Claim.  Unfortunately, Andreola's counsel refused to agree.

## LEGAL ARGUMENT

### I.      THE MOTION SHOULD BE DENIED BECAUSE ANDREOLA HAS NOT MET HER BURDEN TO DEMONSTRATE THAT EXTRAORDINARY CIRCUMSTANCES EXIST.

10.     The automatic stay imposed by 11 U.S.C. § 362(a) is "one of the most fundamental debtor protections provided by the bankruptcy laws." *Midatlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986) (citation omitted).

11.     Courts consistently deny unsecured creditors relief from the automatic stay absent "extraordinary circumstances" as granting relief  "would result in a violation of one of the fundamental concepts of bankruptcy law; that there should be an equality of distribution among creditors." *In re Leibowitz*, 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992); *In re Residential Cap., LLC*, 501 B.R. 624, 643-44 (Bankr. S.D.N.Y. 2013).

12.     "If the movant fails to make an initial showing of cause, however, the court

should deny relief without requiring any showing from the debtor that it is entitled to continued

protection." *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990).

13.    In deciding whether cause to lift the automatic stay exists, courts look to the

nonexhaustive list of Sonnax factors. Those factors include:

> (1) whether relief would result in a partial or complete resolution of the issues,
> (2) the lack of any connection with or interference with the bankruptcy case,
> (3) whether the other proceeding involves the debtor as a fiduciary,
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action,
> (5) whether the debtor's insurer has assumed full responsibility for defending the action,
> (6) whether the action primarily involves third parties,
> (7) whether litigation in another forum would prejudice the interests of other creditors,(8) whether the judgment claim arising from the other action is subject to equitable subordination,
> (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor,
> (10) the interests of judicial economy and the expeditious and economical resolution of litigation,
> (11) whether the parties are ready for trial in the other proceeding, and
> (12) the impact of the stay on the parties and the balance of harms.

*Id*.

14.    "A reviewing court has wide discretion to apply the *Sonnax* factors as it sees fit

based on the facts underlying a given motion.'" *In re Jones*, 2024 WL 4691073, at *4 (internal

citations omitted).  The Second Circuit has held that "[n]ot every one of these factors will be

relevant in every case" and "[t]he ultimate determination whether to lift a stay depends on the

facts underlying a given motion."  *In re Bogadonavich*, 292 F.3d 104, 110 (2d Cir. 2002).

15.    Here, none of the *Sonnax* factors favor granting the Motion.  Indeed, Andreola did

not even refer to the standard, let alone demonstrate how she satisfies her burden.

## A.  NO CAUSE EXISTS FOR THE COURT TO MODIFY THE STAY.

16.    Andreola seeks to lift the stay to allow the State Court Action to "cause an inquest

as to the amount of damages to be adjudicated rather than the estimated $1 million set forth" in

her submitted Claim.  Andreola, however, has already filed the Claim in the amount of

$1,000,000.  No objection has been filed to the Claim and there is no reason to believe that an

objection will be filed.  As a result, there is no purpose in proceeding with an inquest and no

benefit to Andreola or the Debtor.  Andreola has failed to establish this is sufficient "cause"

justifying relief from the stay, and further has not provided any analysis of the *Sonnax* factors.

"[A]bsent a showing of cause, the court should simply deny relief from the stay."  *In re Mazzeo*,

167 F.3d 139, 142 (2d Cir. 1999).

17.     First, stay relief would not result in a complete resolution of the issues.  Even if an

inquest confirmed the amount of damages, Andreola can only pursue her Claim in this Court.

Furthermore, the amount alleged in her submitted Claim is already quantified.  This Court does

not require the amount to be confirmed by the State Court for Andreola to proceed with her

claim.

18.     Forcing litigation to merely confirm the amount in an already-submitted Claim

would drain the Debtor's time and estate and provide no benefit to Andreola, while harming the

Debtor and all other creditors.  Moreover, Andreola has already pursued expeditious resolution

by submitting her Claim through the bankruptcy process.  Conducting duplicative efforts in State

Court to determine an amount already quantified and submitted to this Court is wasteful.

19.     Andreola has done nothing to demonstrate any cause exists or even that she is

prejudiced by the stay.  Andreola says nothing about why the stay should be lifted or how she

satisfies her burden to demonstrate cause.

20.     Litigation in State Court would interfere with the Debtor's reorganization and

again, force the Debtor to expend limited time and resources in resolution of a mere unsecured

claim.  Granting relief would divert resources from the Debtor's reorganization efforts.

Furthermore, if the Motion is granted, it would invite other lift stay motions that would result in unnecessary drain on the Debtor's and the Court's resources.

21.     Andreola, as a general unsecured creditor, bears a heavy burden in proving the balance of hardships weighs in her favor.  There are potentially hundreds of similarly-situated unsecured creditors and Andreola has not demonstrated that she will face any different prejudice than other creditors without an inquest.  Despite this, Andreola has not even attempted to demonstrate how she would suffer any hardship if the stay is not lifted.

**B.     NO EXTRAORDINARY CIRCUMSTANCES EXIST FOR THE COURT TO MODIFY THE STAY.**

22.     Contrary to Andreola's assertions, there is no need – most especially not an urgent need – to return to State Court to general unsecured claims at this stage in the chapter 11 case.  Moreover, there likely *never* will be any need to return to State Court or resolve any dispute concerning Andreola's claim.

23.     In similar circumstances Judge Lifland denied a lift stay motion because "[f]orcing the [d]ebtors to litigate at this point would distract and hinder the [d]ebtors from their reorganization efforts . . ."  *In re Bally Total Fitness of Greater New York, Inc.*, 402 B.R. 616, 624 (Bankr. S.D.N.Y.), aff'd, 411 B.R. 142 (S.D.N.Y. 2009).  The district court on appeal affirmed, warning that granting the relief "would risk causing 'the [d]ebtors to refocus their energies on litigation . . . rather than emergence from Chapter 11.'"  411 B.R. 147 (S.D.N.Y. 2009).

24.     A modification of the stay would harm all creditors, including Andreola, by reducing the Debtor's ability to pay claims.

## **CONCLUSION**

For the foregoing reasons, the Debtor respectfully requests that the Court deny the

Motion and grant such other, further and different relief as the Court deems just and proper.

Dated: August 7, 2025
      New York, New York

**MANATT, PHELPS & PHILLIPS, LLP**

*/s/  Schuyler G. Carroll*
Schuyler G. Carroll
Annie K. Nguyen (*pro hac vice* pending)
7 Times Square
New York, NY 10036
Tel: (212) 790-4500
scarroll@manatt.com
anguyen@manatt.com

*Counsel to the Debtor and*
*Debtor-in-Possession*