| | |
|---|---|
| **Rimon P.C.**<br>Counsel to the Official Committee<br>of Unsecured Creditors<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>(516) 479-6300<br>Ronald J. Friedman<br>Brian Powers<br>Haley Trust | Hearing Date: August 14, 2025<br>Time: 10:00 a.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:                                                                 Chapter 11

COLD SPRING ACQUISITION, LLC.,                    Case No.: 25-22002 (SHL)
d/b/a COLD SPRING HILLS CENTER
FOR NURSING & REHABILITATION,

                              Debtor.
------------------------------------------------------------------x

## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY CREDITOR CAROLYN ANDREOLA

The Official Committee of Unsecured Creditors (the "Committee") of Cold Spring Acquisition, LLC d/b/a Cold Spring Hills Center for Nursing and Rehabilitation (the "Debtor"), by its counsel, Rimon P.C., hereby files this objection (the "Objection") to creditor Carolyn Andreola's Motion for Relief from the Automatic Stay (the "Motion"), and respectfully represents and sets forth as follows:

### BACKGROUND

The State Court Action

1. On or about January 5, 2024, Carolyn Andreola (the "Creditor") commenced a personal injury action against the Debtor in the Supreme Court of the State of New York, County of Nassau (the "State Court") captioned *Carolyn Andreola v. Cold Spring Hills Center for Nursing & Rehabilitation*, Index No. 602728/2024 (the "State Court Action").

1

2. Upon information and belief, the Debtor did not appear or file an answer or response to the complaint in the State Court Action. After the unrepresented Debtor did not appear, on March 5, 2025, the Honorable Eileen C. Saly-Sapraicone entered a default judgment (the "Default Judgment") and scheduled an inquest to determine damages on June 11, 2025.

The Bankruptcy Case

3. On January 2, 2025 (the "Petition Date"), the Debtor commenced this case (the "Bankruptcy Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

4. On January 23, 2025, the Office of the United States Trustee filed a *Notice of Appointment of Creditors' Committee* (ECF Doc. No. 73) appointing 1199 SEIU Benefit and Pension Funds, Reliable Health Systems, LLC and Five Star Staffing, Inc. to the Committee.

5. By virtue of the filing of the Debtor's bankruptcy petition on the Petition Date, the State Court Action was stayed pursuant to Bankruptcy Code § 362(a)(1) and the inquest scheduled for June 11, 2025 did not take place.

6. Creditor's counsel notified the State Court as to the Debtor's bankruptcy filing and on March 10, 2025, five days after the Default Judgment was entered but more than two months after the Petition Date. The State Court then entered an order staying the State Court Action until July 9, 2025 for control purposes (the "Stay Order"), which the Creditor alleges has been extended until November 5, 2025.

The Proofs of Claim

7. On February 7, 2025, the Creditor filed Proof of Claim No. 16, asserting a claim in the amount of $1,000,000.00 (the "Original Claim").

2

8. On May 8, 2025, the Creditor filed a duplicate Proof of Claim, No. 66 (the "Claim"), also asserting a claim in the amount of $1,000,000.00.

The Motion

9. On July 24, 2025, the Creditor filed her Motion requesting permission to proceed with an inquest in the State Court Action to adjudicate the amount sought in her Claim.

**BASIS FOR OBJECTION**

The Creditor Has Not Met Its Burden to Lift the Automatic Stay

10. The automatic stay imposed by 11 U.S.C. § 362(a) is "one of the most fundamental debtor protections provided by the bankruptcy laws." *Midatlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986) (citation omitted). In accordance with 11 U.S.C. § 362(d)(1), "[w]hen requesting relief from the automatic stay for cause, '[t]he movant must make an initial showing of cause, and then the burden shifts to the party opposing the motion to prove that it is entitled to the continued protections of the automatic stay.'" *In re Jones*, No. 23-CV-8281, 2024 WL 4691073, at *4 (S.D.N.Y. Nov. 6, 2024) (citation omitted).

11. "[T]he term 'for cause' [is] 'a broad and flexible concept that must be determined on a case-by-case basis.'" *Boissard v. Specialized Loan Servicing, LLC*, No. 19-CV-4280 (MKB), 2020 WL 9816005, at *4 (E.D.N.Y. Nov. 24, 2020) (citing *Osuji v. Deutsche Bank, N.A.*, 589 B.R. 502, 508 (E.D.N.Y. 2018) (quoting *U.S. Bank Tr. Nat'l Assoc. v. Am. Airlines, Inc. (In re AMR Corp.)*, 485 B.R. 279, 295 (Bankr. S.D.N.Y. 2013)). However, "[i]f the movant fails to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection." *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990).

3

12. "[T]o determine whether cause exists to permit litigation against the debtor to continue in another court, the Court considers the 'non-exclusive list of factors that may be relevant in determining whether an automatic stay should be lifted for cause under [section] 362(d)(1)' set forth by the Second Circuit in *In re Sonnax Industries, Inc. Osuji*, 589 B.R. at 508 (quoting *In re Watkins*, Nos. 06-CV-1341, 06-CV-597, 2008 WL 708413, at *3 (E.D.N.Y. Mar. 14, 2008))." *Boissard v. Specialized Loan Servicing, LLC*, No. 19-CV-4280 (MKB), 2020 WL 9816005, at *4 (E.D.N.Y. Nov. 24, 2020). These factors include:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*Id*. at *5 (citing *In re Sonnax Indus., Inc.*, 907 F.2d at 1286).

13. It should be noted that a "reviewing court has wide discretion to apply the *Sonnax* factors as it sees fit based on the 'facts underlying a given motion.'" *Id*. (citing *In re Godt*, 282 B.R. 577, 584 (E.D.N.Y. 2002); *see also Schneiderman v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002) ("Not every one of [the *Sonnax*] factors will be relevant in every case. The ultimate determination whether to lift a stay depends upon the facts underlying a given motion." (citation omitted)); *Musso v. Hirsch*, Nos. 08-CV-4735, 08-CV-4532, 2011 WL 4543225,

4

at *6 (E.D.N.Y. Sept. 29, 2011) ("The list is non-exclusive and a court need not consider each factor in every case or give each factor the same weight.").[1]

14. When the movant is an unsecured creditor, "the policies of the automatic stay weigh against granting the relief requested." *In re Residential Cap., LLC*, 501 B.R. 624, 643 (Bankr. S.D.N.Y. 2013). "[T]he general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief." *Id*. (citing *In re Leibowitz,* 147 B.R. 341, 345 (Bankr.S.D.N.Y.1992); *see also Lawrence v. Motors Liquidation Co. (In re Motors Liquidation Co.),* No. 10 Civ. 36(RJH), 2010 WL 4966018, at *4 (S.D.N.Y. Nov. 17, 2010)).

i. <u>No Cause Exists for the Court to Modify the Stay</u>

15. The Creditor has failed to establish sufficient "cause" to justify relief from the stay. Importantly, no current dispute regarding the Claim exists, and neither the Debtor nor the Committee have indicated that an objection to the Claim will be pursued. Accordingly, the Claim has *prima facie* validity unless and until a dispute arises with respect to the Claim. Moreover, there is no specialized tribunal established to determine any amounts due to Creditor, and the Bankruptcy Court is just as capable of determining the underlying issues if a dispute arises. In fact, through the filing of the Claim, Creditor has consented to the jurisdiction of the Bankruptcy Court to do just that in the event that a dispute arises. *See In re Cruisephone, Inc.*, 278 B.R. 325, 330 (Bankr. E.D.N.Y. 2002) ("By filing a claim against the estate, a creditor triggers the process of allowance and disallowance of claims and an adversary proceeding seeking recovery against the creditor becomes part of that claims allowance process.") (citing *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); *Katchen v. Landy,* 382 U.S. 323,

---

[1] The Court should note that the Creditor failed to cite or even acknowledge the *Sonnax* factors, let along demonstrate how she satisfies her burden to lift the stay.

86 S.Ct. 467, 15 L.Ed.2d 391 (1966)); *see also In re China Fishery Grp. Ltd.*, No. 16-11895 (JLG), 2017 WL 3084397, at *6 (Bankr. S.D.N.Y. July 19, 2017) (citing *In re Hooker Inv., Inc.*, 937 F.2d 833, 838 (2d Cir. 1991) (noting the claims allowance process "is integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction, which the creditor has invoked by filing the claim."); *Buena Vista TV v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 307 B.R. 404, 418 (Bankr. S.D.N.Y. 2004) (finding that "[a]s the Supreme Court's decisions ... particularly *Langenkamp*—make clear, when the Copyright Owners filed proofs of claim in the bankruptcy court, they submitted to the equitable jurisdiction of this Court ....")).

16. Further, despite the State Court Action being scheduled for inquest, there is no actual indication that the parties are ready for trial in this matter. Importantly, the Default Judgment was entered solely on the basis that the Debtor did not appear, but that judgment is void as it was entered after the Petition Date in violation of the automatic stay. *See In re Best Payphones, Inc.,* 279 B.R. 92, 97–98 (Bankr.S.D.N.Y.2002) (Bernstein, C.J.) (holding that any proceedings or actions described in § 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect). To date, there has been no dispute regarding the Claim or response of any kind from the Debtor.

17. Based on the complete lack of current controversy regarding the Claim, forcing the Debtor to hire counsel and continue to defend the State Court Action would only serve to incur considerable administrative expenses (with its incredibly limited pool of resources) at a time when there is no indication that such expenditures would ever be necessary. This circumstance would dramatically prejudice unsecured creditors by draining the limited resources available for recoveries.

18. Finally, as described above, Creditor is not prejudiced by the automatic stay of the State Court Action because the Creditor has already quantified her claim in the Claim and the Claim is not currently disputed. Thus lifting the stay to permit the Creditor to continue the State Court Action will be wasteful, at a time when the Debtor's scarce resources are needed to confirm a plan and to fund the investigation of potential claims of the estate. Accordingly, the balance of hardships weighs dramatically in favor of the denial of stay relief.

ii. <u>No Extraordinary Circumstances Exist to Permit the Court to Modify the Stay</u>

19. As discussed above, at this point in time there is no urgent need to continue the prosecution of the State Court Action to resolve the Claim. "Forcing the Debtor[] to litigate at this point would distract and hinder the Debtor[] from [its] reorganization efforts and would take away the 'breathing space' necessary to allow them to restructure and preserve the value of their assets for the benefit of their creditors." *In re Bally Total Fitness of Greater New York, Inc.*, 402 B.R. 616, 624 (Bankr. S.D.N.Y.), *aff'd,* 411 B.R. 142 (S.D.N.Y. 2009). Further, should the stay be lifted, the Court would be creating a greater threat of other lift stay motions to be filed by other similarly situated creditors, which would lead to an unnecessary drain on the Debtor's resources and create an untimely distraction from the reorganization process.

20. Whether the State Court Action is resolved sooner rather than later, the Creditor is "no more prejudiced than any other potential creditor by what the Debtor[] anticipate[s] will only be a short-term delay until a plan of reorganization is confirmed." *Id*.

<u>The Default Judgment is Void *Ab Initio*</u>

21. Lastly, as mentioned above, the Court should note that the Default Judgment entered by the State Court is void ab initio as a violation of the automatic stay in accordance with 11 U.S.C. § 362(a)(1). *See In re Braught*, 307 B.R. 399, 403 (Bankr. S.D.N.Y. 2004) ("11 U.S.C.

7

§ 362(a)(1) stays the continuation of any judicial proceeding against the debtor that was commenced prior to the filing of a case under Title 11."). There is no question that "[s]igning a judgment constitutes the continuation of a judicial proceeding against the debtor within the meaning of 11 U.S.C. §362(a)(1)" and that "[j]udicial actions taken against a debtor a void *ab initio*, absent a relief from the automatic stay." *Id.* at 404; *see also In re Best Payphones, Inc.*, 279 B.R. 92, 97–98 (Bankr.S.D.N.Y.2002) (Bernstein, C.J.).

22. Furthermore, creditors on notice of the bankruptcy filing are also subject to an affirmative duty to take steps to vacate any judgments signed and entered after the filing of a bankruptcy petition in violation of the automatic stay. *Id*. at 403; *see also In re Patti*, 2001 WL 1188218 at *7 (Bankr. E.D. Pa. Sept. 14, 2001) (holding a creditor willfully violated the stay even though the action that constituted the violation was taken by the New York State Court and the not the creditor, because the creditor had an affirmative duty to vacate the New York judgment signed and entered after the filing of a bankruptcy petition, and failed to do so). The Creditor has failed to take any steps to vacate the Default Judgment, but instead seeks to proceed with an inquest as if the Default Judgment was validly entered.

23. Therefore, even in the event the Creditor could meet her burden to lift the stay under the *Sonnax* factors, the Creditor could not be permitted to lift the stay to proceed with an inquest on damages as the Default Judgment is void *ab initio*.

## **CONCLUSION**

24. The Creditor's Motion should be denied because (i) the Creditor has not met its burden to lift the automatic stay, (ii) the Creditor has consented to the jurisdiction of the Bankruptcy Court by filing the Claims against the Debtor's bankruptcy estate, and (iii) the Default Judgment is void *ab initio* and thus the State Court Action could not proceed to an inquest.

**WHEREFORE**, the Committee respectfully requests that the Court deny the Creditor's Motion and grant such other, further and different relief as the Court deems just and proper.

Dated: Jericho, New York
       August 7, 2025

**RIMON P.C.**
Attorneys for the Official Committee of
Unsecured Creditors

By: *s/ Brian Powers*
      Brian Powers
Partner
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300