UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                                                    Chapter 11

COLD SPRING ACQUISITION, LLC.,                          Case No.: 25-22002 (SHL)
d/b/a COLD SPRING HILLS CENTER
FOR NURSING & REHABILITATION,

                              Debtor.
-------------------------------------------------------------------x

**ORDER GRANTING APPLICATION FOR ENTRY OF AN
ORDER DIRECTING EXAMINATION OF BENT PHILIPSON,
A PERSON WITH KNOWLEDGE OF THE DEBTOR'S
BUSINESS TRANSACTIONS AND PRODUCTION OF DOCUMENTS PURSUANT
TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon the *ex parte* motion, dated November 13, 2025 (the "Motion"), of Official Committee of Unsecured Creditors (the "Committee") of Cold Spring Acquisition, LLC d/b/a Cold Spring Hills Center for Nursing and Rehabilitation (the "Debtor"), pursuant to Bankruptcy Rules 2004 and 9016 for an order authorizing the Committee to issue subpoenas for the production of documents and to examine Bent Philipson (the "Witness"), a person with knowledge of the Debtor's business transactions, as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors and other parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore; it is

**ORDERED**, that the Motion is granted on the terms set forth herein; and it is further

**ORDERED**, that the Committee is authorized under Bankruptcy Rules 2004 and 9016, to issue such subpoenas as may be necessary to compel the production of documents and the testimony of the Witnesses in connection with the administration of this Chapter 11 case; and it is further

**ORDERED**, that unless otherwise agreed to by the Committee, the Witness shall have twenty (20) days from the service of such subpoena, the Motion and a copy of this Order to either (1) produce to the Committee all responsive documents requested in the Committee's subpoena (including electronically stored information), other than those documents withheld under a claim of privilege or (2) file with this Court an objection or response to the subpoena with a hearing promptly scheduled; and it is further

**ORDERED**, that unless otherwise agreed to by the Committee, if the Witness withholds any documents from the production based upon a claim of privilege, the Witness is directed to provide counsel for the Committee with a privilege log, containing the information required under Bankruptcy Rule 7026 and S.D.N.Y. L.B.R. 7026-1, at the time of document production hereunder; and it is further

**ORDERED**, that the Witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Committee, in no event less than thirty (30) days from the date of the service of a deposition subpoena upon the Witness; and it is further

**ORDERED**, that the Committee shall have the exclusive right, absent good cause shown, to determine if the examination shall be in person or conducted via remote video conferencing; and it is further

**ORDERED**, that nothing herein shall limit the rights of the Witness under applicable law to object to or oppose any subpoena the Committee may serve upon the Witness; and it is further

**ORDERED**, that such Witness shall, prior to conducting an electronic search utilizing search terms, meet and confer with the Committee's counsel to attempt to agree on appropriate search terms; and it is further

**ORDERED**, that all disputes concerning such subpoenas issued pursuant to this Order, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five (5) pages, single spaced. The other party shall file a responsive letter brief within three (3) business days, which shall not exceed five (5) pages, single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers; and it is further

**ORDERED**, that in accordance with Bankruptcy Rules 2004 and 9016, (i) the Clerk of this Court shall issue subpoenas, signed, but otherwise in-blank, as requested by the Committee, or (ii) provided that counsel for the Committee is authorized to practice in this Court, counsel may issue and sign the subpoenas; and it is further

**ORDERED**, that the Committee shall file with the Court an affidavit or declaration of service for each subpoena the Committee serves; and it is further

**ORDERED**, that this Order is without prejudice to the Committee's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law; and it is further

**ORDERED**, that this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.

**Dated:** White Plains New York
      December __, 2025

                                                   _____
                                                   THE HONORABLE SEAN H. LANE
                                                   UNITED STATES BANKRUPTCY JUDGE