**ABRAMS FENSTERMAN, LLC**
Attorneys for Benjamin Landa
2280 East Avenue, Floor 1
Rochester, New York 14610
(585) 218-9999
Maureen T.
Bass

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x-

| | |
|---|---|
| In re: | Chapter 11 |
| COLD SPRING ACQUISITION, LLC., (SHL) d/b/a COLD SPRING HILLS CENTER FOR NURSING & REHABILITATION, | Case No.: 25-22002 |
| Debtor. | |

------------------------------------------x-

**OBJECTION BY BENJAMIN LANDA TO THE APPLICATION FOR ENTRY OF AN ORDER DIRECTING EXAMINATION OF BENJAMIN LANDA, AND PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**To: Honorable Sean H. Lane**
**United States Bankruptcy Judge**

Benjamin Landa ("Mr. Landa"), an individual who formerly had ownership interest in Cold Spring Acquisition, LLC ("Cold Springs"), but has not since 2019, hereby objects to the above-referenced application by the Official Committee of Unsecured Creditors ("the Committee").

## BACKGROUND

### The Bankruptcy

1. On January 2, 2025 (the "Petition Date"), the Debtor commenced this case (the "Bankruptcy Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. On October 13, 2025, the Committee filed its *Application for Entry of an Order Directing Examination of Benjamin Landa, a Person with Knowledge of the Debtor's Business Transactions and Production of Documents Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.* ("the Application"). ECF Doc. Nos. 440 through 440-3.

**<u>Preliminary Statement</u>**

3. Mr. Landa is an individual who previously had ownership interest in Cold Spring Acquisition, LLC ("Cold Spring"). Mr. Landa has not had any ownership interest or involvement in Cold Spring since 2019.

4. It is well-settled that 2004 examinations, while broad in scope, cannot be used to harass or inquire into irrelevant matters. Examination into matters unrelated to the debtor's affairs is improper.

5. Mr. Landa has no relevant information or responsive documents regarding the Cold Spring bankruptcy or Cold Spring's assets and liabilities. Moreover, as reflected by the several other 2004 examination requests, there is a long list of individuals and entities from whom the Committee can obtain the information they need regarding Cold Spring's assets and liabilities. Other parties, moreover, whose relationship and involvement in Cold Spring are far more recent and relevant than Mr. Landa's.

6. Additionally, upon information and belief, the Committee already has access to over 10,000 documents that have been produced from these other parties.

7. Thus, the Committee's Application for a Rule 2004 Examination of Mr. Landa should be denied as the Committee has failed to meet their burden of showing good cause for a discovery request of this breadth where there are other more readily able parties whom the Committee has access to and indeed has issued notices to examine as well.

**ARGUMENT**

8. While the scope of Rule 2004 examinations is admittedly broad, they must still "relate[] to the acts, conduct, or property or to the liabilities and financial condition of the debtor's estate." *In re Corso,* 328 B.R. 375 (Bankr. E.D.N.Y. 2005). "The Court has broad discretion in determining whether to grant a motion under Rule 2004…. Parties do not have an absolute right to Rule 2004 examinations." *In re Waddell,* 2025 WL 957733 at 5 (Bankr. S.D.N.Y. Mar. 28, 2025) (internal quotations omitted). 2004 examinations cannot be used for harassment or other improper/irrelevant purposes. *In re Cambridge Analytica LLC, 600 B.R. 750, 752* (Bankr. S.D.N.Y. 2019).

9. The Committee has the burden as the party seeking examination to establish good cause and standing for conducting the examination. *Waddell* at 6, *citing In re Diocese of Buffalo, N.Y.,* 655 B.R. 72, 76 (Bankr. W.D.N.Y. 2023).

10. Where a non-party is subpoenaed, the Court "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). *Cuomo v. New York State Assembly Judiciary Committee,* 683 F.Supp.3d 258, 268 (E.D.N.Y. 2023).

11. Mr. Landa's ties to Cold Spring are so far attenuated that there is most definitely no relation to the "acts, conduct, … property … or liabilities and financial condition" of Cold Spring's estate. *Corso, supra*. This Court must make a finding of good cause before allowing this examination – and in this case, as to Mr. Landa, such a finding is not possible. *Waddell* at 5.

12. Mr. Landa has had no involvement, association, or dealings with Cold Spring in six (6) years. He has no responsive documents, and nothing relevant to offer the Court or

the estate in determining the extent of the estate's assets. Upon information and belief, Mr. Landa has only been targeted due to his status as a public figure and prior contacts with the Attorney General's office, which contacts have been closed and restitution paid. This does not give rise to relevance for deposing or ordering document production by an individual who has no documents or relevant testimony to offer nor had any involvement in Cold Spring since 2019.

13. Mr. Landa has already experienced undue burden in having to pay for this opposition, and he would be unduly burdened even further with having to pay additional attorneys' fees for representation throughout the examination process and the travel/time away from work required for appearing for testimony.

14. Additionally, as mentioned above, the Committee can and already has access to over 10,000 documents from other parties relating to matters of the Cold Spring estate and bankruptcy which have been obtained through the examiner. The Committee can therefore clearly obtain any information they need from parties that actually have it.

15. The Court must quash the examination of Mr. Landa as it seeks irrelevant information and would unduly burden a non-party.

**WHEREFORE**, Mr. Landa respectfully requests that this Court enter an order denying the Committee's application for a 2004 examination of him and granting such other relief as is just and proper under the circumstances.

Dated: Rochester, New York
November 26, 2025

**ABRAMS FENSTERMAN, LLP**
Attorneys for *Benjamin Landa*

By: *Maureen Bass*

Maureen T. Bass, Esq.
2280 East Avenue, Floor 1
Rochester, New York 14610
(585) 218-9999
mbass@abramslaw.com