| | |
|---|---|
| **MANATT, PHELPS & PHILLIPS, LLP**<br>Schuyler G. Carroll<br>Russell E. Potter (admitted *pro hac vice*)<br>Thomas A. Whittington (admitted *pro hac vice*)<br>7 Times Square<br>New York, NY 10036<br>Tel: (212) 790-4500<br>Email: scarroll@manatt.com<br>          rpotter@manatt.com<br>          twhittington@manatt.com | **Hearing Date:**<br>**March 10, 2026 at 10:00 A.M. (ET)** |

*Counsel to the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

In re:

Cold Spring Acquisition, LLC,

         Debtor.

---------------------------------------------------------

Chapter 11

Case No. 25-22002 (SHL)

**REPLY IN FURTHER SUPPORT OF THE DEBTOR'S APPLICATION FOR ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PORZIO, BROMBERG & NEWMAN P.C. AS SPECIAL COUNSEL TO THE DEBTOR**

    Cold Spring Acquisition, LLC (the "Debtor") respectfully submits this reply in further support of its *Application for Order Authorizing the Retention and Employment of Porzio, Bromberg, & Newman P.C. as Special Counsel to the Debtor* [Docket No. 648] (the "Application").

**The Debtor Has Appropriately Exercised its Business Judgment in Retaining Porzio**

    1.    The Debtor "has authority to operate its business" and "to exercise its reasonable business judgment." In re A Top New Casting, Inc., 597 B.R. 746, 748 (Bankr. W.D.N.Y. 2019). "The plain language of Section 327(e) makes it clear that a Debtor 'may employ [counsel], for a specified special purpose, other than to represent the [Debtor] in conducting the

404582575.2

case...."  In re Oaktree Ocala JV, LLC, 673 B.R. 297, 301 (Bankr. S.D.N.Y. 2025) (quoting *In re Roper & Twardowsky, LLC*, 566 B.R. 734, 750 (Bankr. D.N.J. 2017)).

2.  The Debtor exercised its reasonable business judgment in determining that the retention of special counsel is urgently needed to prosecute avoidance actions held by the estate. The Debtor contacted numerous other firms before deciding to engage Porzio. Unfortunately, none of the other firms contacted even made a proposal to represent the Debtor. The Debtor's decision that it cannot further delay pursuing litigation to collect is a business decision entitled to deference. *See* In re Diocese of Buffalo, N.Y., 625 B.R. 567, 572 (Bankr. W.D.N.Y. 2021) ("Litigation strategies are business decisions that the [Debtor] has a right to make until such time as it is no longer a debtor in possession."); *In re A Top New Casting, Inc.*, 597 B.R. at 748 (overruling objection by creditor to special counsel application because the debtor exercised its reasonable business judgment in determining that special appellate counsel was necessary to appeal costly judgment).

### The Committee's Objection Lacks Substance and Merit

3.  The Committee erroneously contends that the Debtor's Application is "premature" and should be delayed until the Second Amended Plan is confirmed and the Plan Administrator is appointed. The Committee ignores the pressing need to prosecute avoidance actions, despite that the Committee complains separately that the Debtor is running out of money. Far from being premature, the Debtor urgently needs to obtain special counsel.

4.  While the Debtor is hopeful that the disclosure statement will be approved and the plan confirmed promptly, at minimum, it will be at least a month until the Plan Administrator is appointed and substantially longer before she is able to retain special counsel.

5.      The Debtor selected Porzio as special counsel over the summer of 2025 and presented the application to the Committee at that time, but delayed filing the application at the Committee's request.  As the Committee noted in its *Objection to the Debtor's Motion to Further Extend the Debtor's Exclusive Period to Solicit Acceptances of Chapter 11 Plan* [Docket No. 603], the Debtor is running out of cash and cannot wait any further to prosecute avoidance claims without suffering tangible harm to the estate.

6.      The Committee's objection that the Debtor is seeking to "saddle" the future Plan Administrator with its choice of special counsel is without merit. The *Second Amended Plan* grants the Plan Administrator the power to "engage attorneys, consultants, agents, employees, and all other professional persons."  The Plan Administrator is not required to retain special counsel appointed prior to the Effective Date.  Indeed, the Application recognized this and permits the Plan Administrator to engage other counsel, but preserves Porzio's right to be paid for its work.  [Docket No. 648 at ¶ 21].

7.      The Committee does not assert any substantive basis why Porzio should not be engaged.  Rather, the Objection merely aims to override the Debtor's reasonable business judgment and further delay prosecution of preference claims.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court approve the Application and grant such other and further relief as may be appropriate.

Dated: March 6, 2026　　　　　　　　　　**MANATT, PHELPS & PHILLIPS, LLP**
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　*/s/ Schuyler G. Carroll*
　　　　　　　　　　　　　　　　　　　　Schuyler G. Carroll
　　　　　　　　　　　　　　　　　　　　Russell E. Potter (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Thomas A. Whittington (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　7 Times Square
　　　　　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　　　　　Tel: (212) 790-4500
　　　　　　　　　　　　　　　　　　　　scarroll@manatt.com
　　　　　　　　　　　　　　　　　　　　rpotter@manatt.com
　　　　　　　　　　　　　　　　　　　　twhittington@manatt.com

　　　　　　　　　　　　　　　　　　　　*Counsel to the Debtor and*
　　　　　　　　　　　　　　　　　　　　*Debtor-in-Possession*

3